# THE BOARD OF SUPERVISORS OF KANE COUNTY

## *v.*

# HENRY P. PIERCE.

COUNTY CLERK'S FEES. Where the law prohibits the county clerks from charging any fees for services to the county, but that the courts shall allow them such reasonable compensation as they may think right as an *ex officio* fee, not exceeding $100 per annum, exclusive of an allowance of not exceeding $3 per day for their attendance on the courts in term time doing county or probate business: *Held*, that while attending the board of supervisors, transacting county business, the clerk is entitled to the *ex officio* fee and the *per diem* of $3, as he gets no other fees; but when attending probate court he gets his fees, and although the board of supervisors may allow the *per diem* whilst attending the probate court, they are not compelled to do so, as it is left to their discretion, and a writ of *mandamus* will not be awarded to compel them to make an allowance.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

This was a petition for a writ of *mandamus*, filed by Henry P. Pierce, in Kane circuit court, to compel the board of supervisors to audit a bill charged for services rendered the county as county clerk of Kane county. It is stated in the petition that he had been elected and served as clerk of the county court of Kane county from December, 1861, to December, 1869, and attended the court while sitting for the transaction of probate business 1459 days; that he made out and presented his bill to the board of supervisors of the county at the March session, 1870, and that the board refused to allow him any compensation therefor.

An alternative writ was awarded at the October term, 1870, of the circuit court of Kane county. To the petition and writ the county demurred, and the court held that the petitioner had shown no grounds for relief, and sustained the demurrer, and this appeal is prosecuted from that decision.

31 – 60TH ILL.

Messrs. SAWIN & WELLS, for the appellant.

Messrs. MAYBORN & BROWN, and WHEATON & BARRY, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a petition for a writ of *mandamus,* to compel the board of supervisors of Kane county to make a *per diem* allowance to the petitioner, for services rendered by him as clerk of the county court while sitting for the transaction of probate business. The court refused the peremptory writ.

So far as the members of this court are advised, it has not been the practice to allow a *per diem* to county clerks for attendance upon the court while engaged only in probate business. It appears that this petitioner was elected county clerk in 1861, and served until December, 1869, during which time he claims to have attended the court while engaged in probate business 1459 days, and it does not appear that he ever claimed a *per diem* until March, 1870.

The act of 1855, in regard to fees and salaries, Gross' Stat. 280, provides that the county clerks shall charge no fees for services to the county, but that the courts shall allow the clerks such reasonable compensation as they may think right as an *ex officio* fee, not exceeding $100 per annum, exclusive of a *per diem* allowance not exceeding $3 per day, for their attendance on the courts in term time during county or probate business.

It is contended by counsel for appellant that, although the amount to be allowed is discretionary with the county court, or with the board of supervisors in counties under township organization, yet some amount must be allowed under this act as a *per diem.*

So far as relates to the attendance of the clerk upon the board of supervisors while engaged in county business, this position is plausible. For his services in the transaction of such business, the law allows the clerk no fees. It gives

him instead the *ex officio* fee not exceeding $100 per annum, and the *per diem* not exceeding $3 per day. But for all services rendered while the court is engaged in probate business, the law does allow him specific fees, and in most counties in the State these fees amount to a sum sufficiently large to cause the office of county clerk to be greatly coveted. While, therefore, the statute authorizes the county authorities to make a *per diem* allowance for attendance on the court while engaged in probate business, if they deem proper to do so, we are of opinion that it does not oblige them to do so. It should be left to their discretion. If the county is so small that the entire compensation of the clerk is not sufficient to command the services of a competent officer, the proper authorities would have the power, under this act, to grant the *per diem.* The amount of fees received by the clerk would naturally control the action of the county court or board of supervisors. The statute provides that neither the *ex officio* fee nor the *per diem* shall exceed a certain sum, but what they shall be within those limits, or whether anything, was intended by the law to be confided to the judgment of the county authorities, at least so far as concerns probate business. It must be so, because the action of the authorities would almost necessarily depend upon the amount of the income derived by the clerk from his probate fees. It being, then, a matter of discretion, we can not interfere.

Our decision is based upon this principle: that, while a county may probably be compelled to allow some compensation to its officers for services which they are required to render without fees, but for which the law contemplates they shall be paid by an allowance from the county treasury, to be fixed by the proper county authorities in their discretion, yet where services rendered by an officer to individuals are compensated by fixed fees, and the county authorities are authorized, as in the other case, to allow such additional compensation from the county treasury as they may think proper, the legislature must have intended that they should be at liberty

to make additional compensation, or not, as they might deem right in view of the amount of fees received, and in such cases the courts ought not to interfere with the exercise of their discretion.

The judgment of the court below is affirmed.

*Judgment affirmed.*